IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL STARNES, REG. NO. 11642-042                                      PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:16-CV-681-CWR-FKB

UNITED STATES OF AMERICA                                                DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [15] filed by Defendant United States of America. Plaintiff has filed a Response [17], and the Defendant has filed a Rebuttal [18]. In addition, without leave of Court, Plaintiff filed a Surrebuttal [19]. For the reasons explained below, the undersigned recommends that the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, be denied, without prejudice.

## FACTS AND PROCEDURAL HISTORY

Starnes originally filed his three-page complaint pursuant to the Federal Torts Claim Act, 28 U.S.C. § 1346(b), in the United States District Court for the District of Columbia. Plaintiff is currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. In his complaint, Starnes, with the sparest of details, save an expletive that he continues to quote throughout his filings, alleges that he received injuries to his right small finger resulting from surgery that occurred while he was housed "at Federal Correctional Institution Marion" in February 2015. [1] at 2. Because an FTCA claim may be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred," 28 U.S.C. 1402(b), and citing the vagueness of the location of the act or omission complained of in the complaint, the United States District Court for the District of Columbia transferred the action to

this Court. [3].

Thereafter, the United States responded to the complaint with the pending Motion to Dismiss, or, alternatively, Motion for Summary Judgment. In the Motion, the United States points out that the federal correctional institution in which Plaintiff was housed during surgery is located in Marion, Illinois. Accordingly, the United States asserts that the substantive law of Illinois should govern this action. *See Fox v. United* States, 2013 WL 1310558, *2 (S.D. Miss. Mar. 28, 2013)(In FTCA cases, "the court applies the substantive law of the state where the allegedly negligent 'act or omissions occurred.'"). Based on that forum's law, the United States argues that Plaintiff has failed to comply with the Illinois statute governing medical malpractice claims. *See* 735 Ill. Comp. Stat. Ann. 5/2-622. In a nutshell, the government argues that Plaintiff has failed to "file a physician's certificate of merit and accompanying report," as required by the Illinois statute, thus, the complaint should be dismissed. *See Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

In his Response [17-1], Starnes attempts to conform his complaint to the dictates of Illinois law by submitting medical records and an affidavit. He argues, furthermore, that he can produce an expert witness. Starnes also alleges in his Response, for the first time, that his surgery occurred at the Baptist Health Paducah Hospital. [17-1] at 2. He provides records substantiating that the treating doctor was located in Paducah, Kentucky, and that the surgery was performed at Baptist Health Paducah Hospital. [17-2] at 2, 4, 6-7. Based on an internet search, the Court takes judicial notice of the fact that Baptist Health Paducah Hospital is located in Paducah, Kentucky. *See, e.g.*, Fed. R. Evid. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort

to sources whose accuracy cannot reasonably be questioned); *Denius v. Dunlap,* 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of record keeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned.). Based on this information, it appears that the allegedly negligent "acts or omissions" occurred in Kentucky. It follows, therefore, that the substantive law of Kentucky – not Illinois – would govern in this action.

## CONCLUSION

Accordingly, for the foregoing reasons, the undersigned recommends that the United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [15] be denied without prejudice. Should this Report and Recommendation be adopted by the District Court, the undersigned recommends that the government be given twenty (20) days to answer or respond otherwise to the complaint after the entry of any order adopting the Report and Recommendation.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 15th day of May, 2017.

    /s/ F. Keith Ball
    UNITED STATES MAGISTRATE JUDGE