IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL STARNES, REG. NO. 11642-042                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO.  3:16-CV-681-CWR-FKB

UNITED STATES OF AMERICA                                                              DEFENDANT

REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction [27] filed by Defendant United States of America.  For the reasons explained below, the undersigned recommends that the motion to dismiss be granted.  However, in an abundance of caution, the undersigned recommends that this action not be dismissed.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346(b), in an effort to obtain monetary compensation for alleged injuries to his right small finger.  Starnes alleges that his injuries resulted from surgery on his hand that was performed while he was housed "at Federal Correctional Institution Marion" (hereinafter "USP Marion") located in Marion, Illinois, in February 2015.  [1] at 2.  Starnes is currently a prisoner housed at FCC-Yazoo City, located in Yazoo City, Mississippi, which is located in the Southern District of Mississippi.  *See* 28 U.S.C. § 1402(b)(providing that an FTCA claim may be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.").

In response to the Complaint, the United States filed a Motion to Dismiss [15], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which argued that the complaint should be dismissed for Starnes's failure to comply with Illinois law governing medical malpractice

actions.  See *Fox v. United* States, 2013 WL 1310558, *2 (S.D. Miss. Mar. 28, 2013)(In FTCA cases, "the court applies the substantive law of the state where the allegedly negligent 'act or omissions occurred.'").  Based on Plaintiff's response to the motion to dismiss, the undersigned concluded that the surgery occurred in Kentucky, rather than Illinois, and recommended denial of the motion to dismiss without prejudice.  [20].  That recommendation was subsequently adopted by the Hon. Carlton W. Reeves, U.S. District Judge.  [21].

The United States has filed another Motion to Dismiss [27], with an affidavit and selected medical records, [27-1], and argues that the case should be dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  In sum, the government argues that because the surgeon who operated on Starnes's finger was an independent contractor and not an employee of the government, the independent contractor exception to the FTCA precludes imposition of liability on the United States.  Accordingly, the United States argues that this action should be dismissed.

In response, Starnes essentially admits that the surgeon was not a federal employee and was a "sub-contractor."  [32] at 5.  Nevertheless, he asserts, for the first time in this forum, that USP Marion medical staff were negligent when they delayed emergent medical treatment, chose the surgeon, and failed to provide him "expedited post-op therapy."  *Id.* at 4-5.  Thus, Starnes maintains that the United States should still be held liable for his alleged injuries.

## II.  RELEVANT STANDARDS AND DISCUSSION

The government has moved to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  When considering such a motion, " a court may evaluate (1) the complaint alone, (2) the complaint supplemented by

undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2011).

Plaintiff has brought this action pursuant to the FTCA, by which the United States has consented to be sued for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). This limited waiver of sovereign immunity "is jurisdictional in nature so that if the action is barred, the Court lacks subject matter jurisdiction over plaintiff's claim." *Johnson v. United States*, 2000 WL 968795, *2 (D. Kan. June 27, 2000)(citing *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991)). "Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998)(citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). However, the FTCA does not extend to acts of independent contractors. *Id.* "Therefore, if the act was not committed by an 'employee of the Government,' then the court must dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Id.*

"The critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Id.* at 275; *see also Creel v. United States*, 598 F.3d 210 (5th Cir. 2010)(finding that an orthopedic surgeon who performed knee surgery at the Montgomery Veterans Affairs Medical Center in Jackson, Mississippi, was an independent contractor). The Fifth Circuit has identified other factors to consider, as follows:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (b) whether or not the one employed is engaged in a distinct occupation or business;
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (d) the skill required in the particular occupation;
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (f) the length of time for which the person is employed;
> (g) the method of payment, whether by the time or by the job;
> (h) whether or not the work is a part of the regular business of the employer;
> (i) whether or not the parties believe they are creating the relation of master and servant; and
> (j) whether the principal is or is not in business.

*Creel*, 598 F.3d at 213-214.

In this case, Plaintiff has admitted that the surgeon was a "sub-contractor," which the Court interprets as an admission by Plaintiff that the surgeon was an independent contractor and not an employee of the government. In any event, the factors weigh in favor of finding that the surgeon, Dr. Jefferson, was an independent contractor.

First and foremost, the Bureau of Prisons had no control over the "detailed physical performance" of the medical services the doctor provided to Starnes. Although the Bureau of Prisons did schedule appointments with Jefferson and pre-certify a treatment plan, his business was separate and distinct from the Bureau of Prisons. A Board Certified Orthopedic Surgeon, the doctor owned and operated his own practice. The doctor saw patients in his clinic and performed surgery at Baptist Health Hospital, both located in Paducah, Kentucky, not at facilities provided by USP Marion, located in Illinois. The doctor was consulted on a case-by-case basis and paid for his services by invoices or bills submitted to the Bureau of Prisons, not as a part of a pre-determined contract. Although corrections officers were present during Starnes's

appointments with the doctor, they played no role in the doctor's treatment of Starnes.  Finally, the doctor accepted consultation requests from the Bureau for a relatively short period of time, from November 2014 through January 2016.  See [27-1], Affidavit of Health-Services Administrator of USP Marion.  Considering these undisputed facts, the undersigned concludes that Jefferson was an independent contractor.

Accordingly, because the surgeon who performed Starnes's surgery was not an employee of the Government, the motion to dismiss [27], premised upon lack of subject matter jurisdiction, should be granted.

However, as mentioned *supra*, in his response [32], Starnes asserts for the first time that USP Marion medical staff were negligent when they delayed emergent medical treatment, chose the surgeon, and failed to provide him "expedited post-op therapy."  In its rebuttal, the Government renews its previously filed motion to dismiss, or in the alternative, motion for summary judgment [15] as to these claims.  The United States argues that any claims of medical malpractice or medical negligence against the staff at USP Marion, Illinois, are governed by the substantive law of Illinois, and Starnes has still failed to satisfy the prerequisites for a medical malpractice action under Illinois law.  *See* 735 Ill. Comp. Stat. Ann. 5/2-622 (West 2013) (requiring an affidavit and a written report from a health professional regarding the merit of the claim).

Although courts construe *pro se* complaints liberally, the "relevant rules of procedural and substantive law" must be observed.  *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) ("One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly

filed pleadings be considered an enhanced right."). In this case, the claims asserted by Starnes have become a moving target. Looking to the "four corners" of his original complaint, although he broadly alleges negligence claims, he fails to allege negligence against the medical staff at USP Marion, much less allege the specific facts against them that he now asserts. *See Young v. City of Houston*, 599 Fed. App'x 553, 555 (5th Cir. 2015)(citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)("Our inquiry into whether [a *pro se* plaintiff] has adequately stated a claim for relief is limited to the four corners of the complaint. . . .").

However, because he has broadly alleged a claim of negligence related to medical treatment of his hand, the undersigned finds that, in an abundance of caution, Starnes should be given an opportunity to comply with the requirements of Illinois law. Accordingly, should this report and recommendation be adopted, the undersigned recommends that Starnes be given a period of sixty (60) days from the date of the Order adopting the report and recommendation to satisfy the prerequisites of 735 Ill. Comp. Stat. Ann. 5/2-622 (West 2013).

### III. CONCLUSION

Accordingly, for the foregoing reasons, the undersigned recommends that the United States' Motion to Dismiss [27] be granted. In addition, should this report and recommendation be adopted, the undersigned recommends that Starnes be given a period of sixty (60) days from the date of the Order adopting the report and recommendation to satisfy the prerequisites of 735 Ill. Comp. Stat. 5/2-622 (2013). Should Starnes fail to meet that deadline, this case should be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 30th day of January, 2018.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE